## STATE v. ROBERT C. STEWIG.

161 N. W. (2d) 673.

September 13, 1968—No. 39,929.

*C. Paul Jones,* State Public Defender, and *Richard W. Swanson,* for appellant.

*Douglas M. Head,* Attorney General, and *William B. Randall,* County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

PETERSON, JUSTICE.

A jury in district court found defendant guilty of the crime of burglary, Minn. St. 609.58, subd. 2(3), and he appeals from the judgment of conviction.

The sole issue is whether incriminating evidence admitted at trial was

obtained as the result of an illegal search and seizure of defendant's automobile. The state contends that the initial search and seizure was made with his consent and, in any event, that the search and subsequent seizure of articles in the automobile was incident to a lawful arrest made with probable cause.

Shortly after midnight August 26, 1964, the St. Paul Police Department received a report from one of the state's witnesses that there was someone "siphoning and stealing" gas from a garage at 2017 Portland Avenue, St. Paul, which was across the alley from the witness' home. The witness observed a car parked in the alley near the garage and three or four boys moving back and forth between the garage building and that automobile.

Two police officers, Michael Sarne and Leo Hurley, responded to the call, arriving at the scene at about 12:30 a. m. As they approached the garage, the officers observed that a car, with its motor running, was parked in the alley behind the garage and that the large garage doors were open. As the officers arrived, two boys who were near the garage began running away. Officer Sarne pursued the fleeing boys on foot. Officer Hurley remained in the squad car and followed the automobile which had been parked near the garage but which had moved down the alley as the squad car approached. He "curbed" the automobile and directed its driver, identified by both officers as defendant, to step out. Officer Hurley, who had noted that the automobile's trunk was open, asked defendant what he was doing in the alley. He answered that he had become lost after taking his girl friend home and that, when "some kid had hit his car with a rock," he had stopped to examine the damage. At this time, Officer Sarne, who had been unable to apprehend either of the fleeing boys, came over to the stopped automobile.

Both officers asked defendant if they could examine his automobile. They both testified that he consented and said that they could search it because "there's nothing in there anyway."

An examination of the interior of the car by Officer Sarne, using a flashlight, revealed nothing. However, when the officer lifted the trunk lid, which was already open about an inch and a half, the officers observed

a 5-gallon gas tank, a rubber hose approximately 4 or 5 feet long that was wet at one end and smelled of gasoline, and a black leather case.

The officers then locked the car and took defendant to police headquarters. Officer Hurley arranged to have the car towed to the Public Safety Building, where the trunk was again opened and its contents examined.

After spending about 45 minutes at police headquarters, Officer Hurley returned to the Portland Avenue garage and observed that the automobile in it had been broken into and that its gasoline cap was on the trunk lid. He noted that there was a wet spot which smelled of gasoline on the cement floor immediately below its gasoline fillerpipe. In addition, he found black leather cases inside the car similar in appearance both to the one observed in defendant's trunk and to others found in the bushes just across the alley from the garage.

■ We hold that the court could find, based upon the testimony of the police officers, that the search of defendant's automobile was made with his consent and, accordingly, that the fruit of the search was constitutionally admissible.

Even if defendant had not thus consented to the search, it was not impermissible, for it was made contemporaneous with a valid arrest based upon the officers' reasonable beliefs that he had committed a felony.[1] The controlling considerations for establishing probable cause to arrest are those discussed at length in State v. Sorenson, 270 Minn. 186; 196, 134 N. W. (2d) 115, 122:

"Probable cause for an arrest has been defined to be a 'reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty.' [Citations omitted.]

"Each case, however, must be decided on its own facts and circumstances and is not subject to some set formula as a guide by which to judge the reasonableness of the arrest in issue. The question to be answered is whether an officer in the particular circumstances, conditioned by his observations and information, and guided by the whole of his police ex-

---

[1] See, Minn. St. 629.34(3).

perience, reasonably could have believed that a crime had been committed by the person to be arrested. [Citations omitted.]"

See, also, the recent case of State v. Bean, 280 Minn. 35, 157 N. W. (2d) 736; and see, State v. LaJeunesse, 280 Minn. 381, 159 N. W. (2d) 261.

Defendant also asserts that the subsequent opening of his car at the Public Safety Building and the seizure of the articles in the trunk were invalid because not contemporaneous with the arrest. This contention is without merit and is governed by State v. Grunau, 273 Minn. 315, 322, 141 N. W. (2d) 815, 821, where Mr. Chief Justice Knutson, writing for the court, stated:

"* * * When the automobile, then in the public safety garage, was later broken open and the articles formerly observed through the open door of the trunk were removed, it was mainly a seizure and not a search. * * * Assuming that the initial search was lawful as an incident to a lawful arrest, it would be straining the constitutional proscription against unlawful searches and seizures too much to hold that such search and seizure became unlawful when the articles originally observed were simply later removed."

Affirmed.