## STATE v. CAROL JEAN HIGH.

176 N. W. (2d) 637.

April 17, 1970—No. 42197.

*Douglas M. Head,* Attorney General, *Robert H. Brodt,* County Attorney, and *Charles C. Johnson,* Fifth District Prosecutor, for appellant.

*C. Paul Jones,* State Public Defender, and *Roslie E. Wahl* and *Roberta K. Levy,* Assistant State Public Defenders, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

NELSON, JUSTICE.

On August 10, 1969, Eisenmenger Motors of Fairmont, Minnesota, was burglarized of three oil company credit cards and $200 cash. On August 11, 1969, defendant-respondent, Carol Jean High, and her husband, Phillip Bruce High, along with two young boys, were detained by Sheriff John Sutherland in Blair, Nebraska, while parked in an automobile registered in Phillip High's name. The sheriff had received information from authorities in Logan, Iowa, that the car and occupants were to be investigated in connection with some burglaries which took place in Iowa. Defendant and her husband were arrested and later searched.

Three officers who had arrived from Logan questioned the suspects separately and obtained written consent from Phillip

High to search the automobile. Defendant was present when the consent was signed.

The search of the car was carried out on the evening of August 11 and revealed three credit cards in the name of the city of Fairmont, Minnesota. No evidence of the Logan burglaries was found. Neither the Iowa nor the Nebraska authorities removed anything from the automobile. Immediately after the search, the Fairmont Police Department was notified by the Nebraska authorities that they were holding four people for possible burglaries in Fairmont.

On August 13, 1969, Fairmont authorities arrived in Blair. Upon advising Phillip High of his rights, the Fairmont chief of police obtained from High what purported to be a written consent to search the automobile in which he was apprehended. Defendant never gave her consent to search the automobile, nor was she present when her husband consented. The automobile was searched and many items, including the three credit cards, were seized. The Fairmont officers accepted custody of defendant and her husband under arrest warrants for both suspects obtained on August 12, 1969, in Fairmont and returned with them to Minnesota on August 13, 1969.

A Rasmussen hearing was held for both defendants on September 3, 1969, to determine admissibility of evidence taken in the search of the automobile. On September 4, 1969, the court ordered the evidence suppressed as against defendant, making the following finding:

"* * * [T]hat the search of the automobile involved in these matters was unconstitutional as to Defendant Carol Jean High, because made without a warrant, without her consent, and not in the course of a valid arrest, and that evidence secured by said search may not be used against her by the State in a trial."

The state appealed from the order.

■ Upon review of the facts and circumstances of the matter before us, the issue is whether or not the consent of defendant's

husband was freely and voluntarily given so as to allow the Fairmont police to conduct the search without a search warrant.

In line with our recent decision in State v. Mitchell, 285 Minn. 153, 172 N. W. (2d) 66, we feel compelled to affirm the lower court's decision to suppress the evidence obtained in the search.

In Mitchell, the defendant was arrested at his home under a warrant on a charge of receiving the earnings of a prostitute. At the time of the arrest, the arresting officer informed Mitchell that he was going to search the upstairs bedroom, to which Mitchell replied, "Go ahead." There was some dispute in the record as to whether Mitchell was the actual owner of the house. The search revealed a quantity of marijuana, whereupon Mitchell was arrested for "investigation of narcotics." He was subsequently convicted of unlawful possession of narcotics.

On appeal, this court held that the evidence seized was the product of an illegal search and seizure. The state contended that Mitchell had consented to the search. We ruled that once the officers had arrested defendant and announced their intention to search the house, consent could no longer be freely and voluntarily given. We also stated that even if Mitchell had denied the officers the right to search, it was doubtful that they would have refrained from proceeding. See, also, Bumper v. North Carolina, 391 U. S. 543, 88 S. Ct. 1788, 20 L. ed. (2d) 797.

Where the issue of consent is raised, each case must be determined on its own particular circumstances. Generally, consent to search obtained subsequent to an arrest will be less readily inferred than consent obtained prior to an arrest since, once arrested, a person becomes more susceptible to police duress and coercion. Consent must be the product of more than mere submission to legal authority. See, United States v. Mitchell, 322 U. S. 65, 64 S. Ct. 896, 88 L. ed. 1140; United States v. Richardson (6 Cir.) 388 F. (2d) 842.

■ In the instant case, Phillip High gave his first consent only after he had been arrested and held in custody in the county courthouse. On the third day of his incarceration, he consented

a second time to a search of his vehicle, this search to be undertaken by the Fairmont authorities. Both of these consents were the result of submission to legal authority. A showing of consent under these circumstances is not sufficient to discharge the state's burden of proving that such consent was freely and voluntarily given.

State v. Bonner, 275 Minn. 280, 146 N. W. (2d) 770, certiorari denied, 388 U. S. 923, 87 S. Ct. 2126, 18 L. ed. (2d) 1373, relied upon by the state to prove that the consent was legally and constitutionally effective, is distinguishable from the instant case. In Bonner, two searches and seizures were upheld. The first was conducted with defendant's consent prior to his arrest. The consent was ruled voluntary. The second search was conducted on the occasion of and incident to defendant's arrest. The court held evidence resulting from this search admissible notwithstanding an absence of consent, on the grounds that the search was incident to the arrest. In the instant case, however, the consents were given only after High was arrested and held in custody.

■ In any event, a search warrant should have been procured by the Fairmont police. They were notified of the detention of the burglary suspects on the evening of August 11, 1969. The Fairmont chief of police swore out his complaints and obtained arrest warrants on August 12, 1969. On the morning of August 13, the Fairmont authorities arrived in Blair. The officers had sufficient time so that they could have obtained a search warrant as well as the arrest warrants.

We conclude that the evidence seized in the search is inadmissible against defendant.

Affirmed.