STATE v. ADIE ARMSTRONG.

194 N. W. 2d 293.

February 4, 1972—No. 42844.

*C. Paul Jones,* State Public Defender, and *Wood R. Foster, Jr.,* Assistant State Public Defender, for appellant.

*Keith M. Stidd,* City Attorney, and *Kenneth R. Frantz,* Assistant City Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Defendant has been found guilty of petty theft, a misdemeanor, and appeals from the conviction. The issues are whether defendant was in fact arrested without a warrant for a misdemeanor not committed in the presence of the arresting officer in violation of Minn. St. 629.34(1); and whether defendant consented to a search and seizure which led to a valid arrest.

On April 19, 1970, a nurse at Hennepin County General Hospital reported her purse stolen and summoned the police. As an officer arrived, unidentified bystanders shouted "Stop him, that's the man," indicating defendant, who was going out the door. The officer testified that he said to defendant, "Would you stop for a minute. I want to talk to you." He directed defendant to step over to a counter and asked him if he had anything in his pockets that belonged to anyone else. The officer went on to testify:

"He became adamant and uncooperative. He backed away from me and he put his hand in his right-hand pocket which was bulging considerably. At that point I didn't know whether to fear for my own safety or not, but rather than take a chance, I informed him to step up to the counter and empty his pockets on the counter while I watched him. He did so * * *."

He further testified that had defendant wanted to leave he would not have let him. Defendant emptied his pockets, revealing objects stolen from the complaining nurse's purse. Thereupon, defendant was arrested.

The trial court held that prior to the disclosure of the stolen articles, no arrest occurred, and that the officer had a right to stop defendant and interrogate him. The court further found that defendant consented to emptying his pockets without duress or coercion. While the case is a close one, we hold that there was adequate evidence to support the trial court's decision.

Under Minn. St. 629.34(1), a peace officer may make an arrest without a warrant only for a misdemeanor committed in his presence. State v. Duren, 266 Minn. 335, 123 N. W. 2d 624 (1963). The distinction between detention for interrogation and arrest is a fine one. Terry v. Ohio, 392 U. S. 1, 88 S. Ct. 1868, 20 L. ed. 2d 889 (1968). We have held that when police detain persons to inquire into their identity and actions, the police are acting within their rights. State v. Fish, 280 Minn. 163, 169, 159 N. W. 2d 786, 791 (1968). Indeed, we have said it is the duty

of police officers to investigate suspicious behavior in order to prevent crime and to apprehend offenders. State v. Valstad, 282 Minn. 301, 311, 165 N. W. 2d 19, 25 (1969). Where, as here, the officer is responding to a complaint of "purse dipping," he confronts defendant at a time when bystanders identify him as the suspect, and observes that the suspect's pockets are bulging, it would be a dereliction of duty for the officer not to stop the suspect and interrogate him. This is so even if the statute does not authorize an arrest without a warrant.

The question of whether defendant consented to revealing the contents of his pockets is extremely close. The prosecutor has the burden of proving the consent was freely and voluntarily given.[1] It is not enough that the suspect yields to color of police authority.[2] Had the officer's request been accompanied by force or threat of force, obviously the articles defendant revealed would not be admissible in evidence. Here, however, by defendant's own testimony, although he was "adamant and uncooperative," he acquiesced with minimum protest. Under these circumstances, the trial court was justified in not suppressing the evidence.[3]

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.

---

[1] State v. Mitchell, 285 Minn. 153, 158, 172 N. W. 2d 66, 69 (1969).
[2] State v. High, 287 Minn. 24, 27, 176 N. W. 2d 637, 639 (1970).
[3] State v. Purdy, 278 Minn. 133, 142, 153 N. W. 2d 254, 260 (1967); State v. Stewig, 281 Minn. 331, 333, 161 N. W. 2d 673, 675 (1968).