*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1723**

Mark Ward Nippa, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed August 4, 2014
Reversed
Johnson, Judge**

Dakota County District Court
File No. 19AV-CV-13-1346

Douglas Hazelton, Halberg Criminal Defense, Bloomington, Minnesota (for respondent)

Lori Swanson, Attorney General, Kristi Nielsen, Assistant Attorney General, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Johnson, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

The commissioner of public safety revoked Mark Ward Nippa's driver's license after he was arrested for driving while impaired. The district court rescinded the commissioner's revocation on the ground that Nippa's consent to the breath test was not

voluntary. We conclude that the totality of the circumstances shows that Nippa voluntarily consented to the breath test. Therefore, we reverse.

## FACTS

In the early morning hours of April 20, 2013, Officer Adam Stier of the Lakeville Police Department responded to a report of an intoxicated driver leaving a golf course in the city of Lakeville. As Officer Stier approached the golf course, he observed a vehicle matching the description of the vehicle. Officer Stier stopped the vehicle and spoke with the driver, Nippa. Officer Stier detected a strong odor of an alcoholic beverage, noticed that Nippa's speech was slurred, and observed that his eyes were bloodshot and watery. Nippa admitted that he had been drinking. Nippa failed several field sobriety tests, and a preliminary breath test indicated an alcohol concentration of .14.

Officer Stier arrested Nippa for driving while impaired and transported him to the police station, where he read Nippa the implied-consent advisory. Nippa indicated that he understood the advisory. When Officer Stier asked Nippa whether he wished to speak to an attorney, Nippa responded in the affirmative. Officer Stier provided Nippa with a telephone and telephone books. After Nippa made contact with an attorney, he indicated that he was "ready to proceed." Officer Stier asked Nippa whether he would submit to a breath test. Nippa responded, "Yes sir." The result of the breath test was an alcohol concentration of .15. The commissioner revoked Nippa's driver's license.

In May 2013, Nippa petitioned the district court for judicial review of the commissioner's revocation of his driver's license. *See* Minn. Stat. § 169A.53, subd. 2 (2012). In June 2013, the district court held an implied-consent hearing. Nippa was

2

represented by counsel but was not personally present.  At the outset of the hearing, Nippa's attorney identified a single issue, "the *McNeely* argument."  The parties stipulated to an exhibit consisting of the implied-consent peace-officer's certificate, the implied-consent advisory, Nippa's breath-test results, and Officer Stier's police report. No testimony was offered during the hearing.  In July 2013, the district court issued an order rescinding the commissioner's revocation on the ground that the warrantless breath test was unlawful because Nippa did not voluntarily consent to it.  The commissioner appeals.

### D E C I S I O N

The commissioner argues that the district court erred by rescinding Nippa's license revocation.  The commissioner contends that the district court's order is inconsistent with *State v. Brooks*, 838 N.W.2d 563 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014), which was issued by the supreme court after the district court issued its order.  The commissioner further contends that the totality of the circumstances shows that Nippa voluntarily consented to the breath test.

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV; *see also* Minn. Const. art. I, § 10.  A test of a person's breath constitutes a search for purposes of the Fourth Amendment.  *Skinner v. Railway Labor*

*Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1413 (1989); *State v. Netland*, 762 N.W.2d 202, 212 (Minn. 2009), *abrogated in part by Missouri v. McNeely*, 133 S. Ct. 1552 (2013), *as recognized in Brooks*, 838 N.W.2d at 567. As a general rule, a search requires either a warrant or an exception to the warrant requirement, such as the person's consent or the existence of exigent circumstances. *McNeely*, 133 S. Ct. at 1558; *Brooks*, 838 N.W.2d at 568. The exigency created by the dissipation of alcohol in a suspect's body is not a *per se* exception to the warrant requirement. *McNeely*, 133 S. Ct. at 1568. But the consent of the person whose breath is tested is an exception to the warrant requirement. *Brooks*, 838 N.W.2d at 568. In an implied-consent case, the commissioner bears the burden of showing by a preponderance of the evidence that a driver voluntarily consented to chemical testing. *Johnson v. Commissioner of Pub. Safety*, 392 N.W.2d 359, 362 (Minn. App. 1986).

In this case, the district court concluded, as a matter of law, that Nippa did not voluntarily consent to the breath test on the ground that "[t]he consent implied by the Minnesota implied consent law is insufficiently voluntary for Fourth Amendment purposes." The district court did not have the benefit of the supreme court's opinion in *Brooks*, which was issued three months after the district court issued its order. *See* 838 N.W.2d at 570. In *Brooks*, the supreme court held that a driver's consent is not coerced as a matter of law simply because the driver would face criminal consequences if he were to refuse testing. *Id.* Instead, "[w]hether consent is voluntary is determined by examining the totality of the circumstances." *Id.* at 568 (quotation omitted). Thus, in

4

light of *Brooks*, the district court erred by holding that Nippa's consent was not voluntary as a matter of law. *See id.* at 570.

In *Brooks*, the supreme court applied the totality-of-the-circumstances test and concluded that Brooks's consent was voluntary. *Id.* at 572. The supreme court stated that the relevant circumstances include "'the nature of the encounter, the kind of person the defendant is, and what was said and how it was said.'" *Id.* at 569 (quoting *State v. Dezso*, 512 N.W.2d 877, 880 (Minn. 1994)). When considering the nature of the encounter, a court should ask how the police came to suspect the driver was under the influence, whether police read the driver the implied-consent advisory, and whether he had the right to consult with an attorney. *Id.* The supreme court identified three primary reasons why Brooks's consent was voluntary and not coerced. First, the supreme court noted that Brooks was read the implied-consent advisory, which "made clear to him that he had a choice of whether to submit to testing." *Id.* at 572. The supreme court reasoned that "[w]hile an individual does not necessarily need to know he or she has a right to refuse a search for consent to be voluntary, the fact that someone submits to the search after being told that he or she can say no to the search supports a finding of voluntariness." *Id.* Second, the supreme court noted that Brooks had "the ability to consult with counsel." *Id.* at 571-72. The supreme court reasoned that "the ability to consult with counsel about an issue supports the conclusion that a defendant made a voluntary decision." *Id.* at 572. Third, the supreme court noted that Brooks "was neither confronted with repeated police questioning nor was he asked to consent after having spent days in custody." *Id.* at 571 (citing *State v. High*, 287 Minn. 24, 27-28, 176

5

N.W.2d 637, 639 (1970)). The supreme court reasoned that "nothing in the record suggests that Brooks was coerced in the sense that his will had been overborne and his capacity for self-determination critically impaired." *Id.* (quotation marks omitted).

In this case, the undisputed facts indicate that Nippa voluntarily consented to the breath test in essentially the same manner as Brooks. First, Nippa was read the implied-consent advisory and indicated that he understood it. Second, Nippa was given the opportunity to speak with an attorney before deciding whether to take the breath test. Third, Nippa was not "confronted with repeated police questioning," and nothing in the record suggests that Nippa "was coerced in the sense that his will had been overborne and his capacity for self-determination critically impaired." *See id.* Thus, the totality of the circumstances indicates that Nippa voluntarily consented to the breath test.

Nippa argues that this court should affirm the district court on the alternative ground that the implied-consent statute violates the unconstitutional-conditions doctrine. Nippa presented this argument to the district court, but the district court did not reach the issue. It is unclear whether the unconstitutional-conditions doctrine applies in this particular context, in which a driver has validly consented to a breath test. *See Brooks*, 838 N.W.2d at 567-73; *Netland*, 762 N.W.2d at 212; *see also Stevens v. Commissioner of Pub. Safety*, ___ N.W.2d ___, ___, 2014 WL 3396522, at *5 (Minn. App. July 14, 2014). If the doctrine were to apply, Nippa's alternative argument would be foreclosed by this court's recent opinion in *Stevens*, a civil license-revocation case in which we concluded that the implied-consent statute does not violate the unconstitutional-conditions doctrine. *See* 2014 WL 3396522, at *12.

6

In sum, our examination of the totality of the circumstances leads to the conclusion that Nippa voluntarily consented to the breath test. Thus, the district court erred by rescinding the revocation of Nippa's driver's license on the ground that his consent to the breath test is invalid. In light of that conclusion, we need not consider the commissioner's other arguments for reversal or Nippa's arguments in response to the commissioner's other arguments.

**Reversed.**